**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **INTERNET MACHINES LLC** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 6:10CV23** |
| | § | |
| **ALIENWARE CORP., et al.** | § | |

**ORDER TO MEET, REPORT AND APPEAR AT SCHEDULING CONFERENCE**

Counsel and all unrepresented parties must appear in person for a Scheduling Conference before **JUDGE MICHAEL SCHNEIDER, United States Courthouse, 221 W. Ferguson Street, Tyler, Texas 75702 on November 3, 2010 at 10:00 a.m.**

1.      Prior to the Scheduling Conference, the parties must:

      A.      Hold a meeting as required by FED. R. CIV. P. 26(f) on or before **October 13, 2010.** Plaintiff is responsible for setting up the meeting.

      B.      Prepare a joint report that reflects the parties' detailed case management plan. The report must contain the information required on the attached form, including deadlines for a proposed Scheduling Order, and must be filed on or before **October 20, 2010.** The Plaintiff is responsible for ensuring that the report is timely filed.

2.      Unrepresented parties, unless incarcerated, are bound by the requirements imposed upon counsel in this Order.

3.      Counsel must file with the clerk within fifteen days from receipt of this order a certificate listing all persons, associations of persons, firms, partnerships, corporations, affiliates, parent corporations, or other entities that are financially interested in the outcome of this litigation. If a group can be specified by a general description, individual listing is not necessary. Underline the name of each corporation whose securities are publicly traded. If new parties are added or if additional persons or entities that are financially interested in the outcome of the litigation are identified at any time during the pendency of this litigation, then each counsel shall promptly file an amended certificate with the clerk.

4.      Any motions to transfer must be filed no later than **October 13, 2010.**

5.      The Court will enter a Protective Order in this case. The Protective Order will apply to all discovery and disclosures herein.

6.      The Local Patent Rules of the Eastern District of Texas (cited as P.R.____) (available on the Eastern District Website) will apply to all proceedings in this case. In the absence of a showing of good cause by a party objecting to a required

disclosure, parties must disclose, without further request or order, all information required by the Patent Rules in accordance with the deadlines set by the Rules, unless modified by the Court.

7.      Absent agreement, depositions of witnesses will not be taken until after the initial Rule 16 management conference.  Following the management conference, the Court will enter a scheduling order establishing parameters of discovery and setting deadlines controlling disposition of the case.

8.      Absent agreement, discovery directed solely to damages will be postponed until after the Claim Construction Hearing.  The Scheduling Order will set a date by which the parties must complete initial disclosures on the issue of damages.

9.      The name of every party must be set out in the complaint (Fed. R. Civ. P. 10(a)). The use of fictitious names is disfavored by federal courts.  *Doe v. Blue Cross & Blue Shield*, 112 F.3d 869 (7th Cir. 1997).  Notice is given that the Court will enter an order dismissing all fictitious parties, if any, following the Scheduling Conference.  Dismissal is without prejudice to take advantage of the provisions of Fed. R. Civ. P. 15(c).

10.     Plaintiff's counsel must immediately notify the Court upon settlement.

11.     Failure to comply with this Order invites sanctions, including, as appropriate, dismissal of the action or default judgment and assessment of fees and costs. *See* FED. R. CIV. P. 16(f).

**SO ORDERED.**

**SIGNED this 29th day of July, 2010.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

INTERNET MACHINES LLC                §
                                     §
v.                                   §           CIVIL ACTION NO. 6:10CV23
                                     §
ALIENWARE CORP., et al.              §

## JOINT DISCOVERY/CASE MANAGEMENT PLAN

> Please restate each instruction before furnishing the requested information.
>
> Any differences between parties as to the response(s) to any matter must be set forth in this report.

1.    State where and when the conference required by FED. R. CIV. P. 26(f)  was held, and identify the counsel who attended for each party, including name, address, bar number, phone and fax numbers, and email address.

2.    List the name, address, bar number, phone and fax numbers, and email address of counsel and any unrepresented person who will appear at the Scheduling Conference on behalf of the parties.  Appearing counsel must be an attorney of record, have full authority to bind clients and enter into stipulations regarding all matters that may be discussed.

3.    List any related cases pending in any state or federal court.  Include the case numbers, the courts, and how they are related.

4.    Briefly describe in 3 pages or less:  (a) What this case is about and (b) Each claim or defense.

5.    List the correct names of the parties to the action.

6.    List anticipated additional parties that may be included, when they might be added, and  by whom.

7.    List anticipated intervenors.

8.    State whether each party represents that it has made the initial disclosures required by Rule 26(a)(1) (other than those pertaining to damages). If not, describe the arrangements that have been made to complete the disclosures.

9.    Describe the proposed discovery/case management plan, including:

   (a)      In accordance with Rule 26(f):

      (1)      Any changes that should be made in the timing, form, or requirement for disclosures under Rule 26(f).

(2)     The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on limited issues.

(3)     The need for specific limits on discovery relating to Claim Construction, including depositions of fact or expert witnesses.

(4)     Any issues relating to disclosure and discovery of electronically stored information (ESI), including the form(s) in which it should be produced.

(5)     The steps already taken or that will be taken for preserving discoverable information, including ESI.

(6)     Any issues relating to claims of privilege or protection,  including whether any agreement has been reached as to inadvertent production.

(7)     Whether the Court should authorize the filing under seal of any documents containing confidential information.

(8)     Any changes that should be made in the limitations on discovery imposed by the Rules, whether federal or local, and any other limitations that should be imposed.

(b)   When and to whom plaintiff anticipates sending interrogatories.

(c)   When and to whom defendant anticipates sending interrogatories.

(d)   Of whom and by when plaintiff anticipates taking oral depositions.

(e)   Of whom and by when defendant anticipates taking oral depositions.

(f)   When plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

(g)   When plaintiff (or the party with the burden of proof on an issue) anticipates taking expert depositions and the anticipated completion date.

(h)   When the opposing party anticipates taking expert depositions and the anticipated completion date.

(i)   Whether there should be separate deadlines for the completion of fact discovery and expert discovery.

(j)   If the parties disagree on any part of the discovery plan, describe the opposing views.

10.   Specify any discovery beyond the initial disclosures that has taken place to date.

11.    State the date the planned discovery can reasonably be completed.

12.    State the progress made toward settlement, and the present status of settlement negotiations by providing the information set out below.[1]

    a.    Describe the possibilities for a prompt settlement or resolution of the case that were discussed in the Rule 26(f) meeting.

    b.    Describe what each party has done or agreed to do to bring about a prompt resolution of this case.

    c.    State whether a demand and an offer have been made.

13.    From the attorneys' discussions with their client(s), state the alternative dispute resolution technique (e.g., mediation, arbitration, or summary jury trial) that would be reasonably suitable for resolving this case and when it would be most effective (e.g., before discovery, after limited discovery, at the close of discovery).

14.    If mediation is the preferred ADR technique and the parties have agreed on a specific mediator, state the name and address of the mediator.

15.    United States Magistrate Judges are vested with full authority to try both jury and nonjury trials. State whether the parties agree to trial before a United States Magistrate Judge.[2]

16.    State whether a Claim Construction Prehearing Conference should be held after the parties file the Joint Claim Construction and Prehearing Statement provided for in P.R. 4-3.

17.    State whether the parties anticipate live testimony at the Claim Construction Hearing.

18.    State the proposed order of presentation at the Claim Construction Hearing.

19.    Specify the number of hours each party needs for the Claim Construction Hearing.

20.    State whether a jury demand has been made and if it was made on time.

21.    Specify the number of hours it will take to present the evidence in the trial of this case.

22.    List any pending motions that could be ruled on at the Scheduling Conference.

23.    List all other pending motions.

---

[1] This must be a detailed answer. Do not submit a generic recitation that settlement was discussed but was unsuccessful.

[2] The Court urges parties to give this option serious consideration.  Parties consenting should file the appropriate form as soon as possible so that a Rule 16 management conference can be scheduled before the Magistrate Judge. *See* Appendix "B," Local Rules For the  Eastern District of Texas and *http://www.txed.uscourts.gov/Rules/LocalRules/LocalRules.htm.*

24.    Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the Court at the Scheduling Conference.

25.    Certify that all parties have filed Disclosure of Interested Persons as directed in paragraph 3 in the **Order to Meet, Report and Appear at Scheduling Conference**, listing the date of the original and any amendments.

26.    <u>Proposed Dates for Scheduling</u>. Please review  the proposed deadlines for many of the pretrial events (listed below) that will be scheduled for this case. Both the events and the proposed dates are intended to give the parties guidance in  (1) formulating answers to the other parts of this questionnaire and (2) scheduling the events preceding the Claim Construction Hearing and the trial. The Scheduling Order that will be entered at the Scheduling Conference will necessarily be more specific, more detailed, and contain additional matters and discovery limitations. The Court's suggested dates and events may be appropriate for this case. <u>If not</u>, please propose suggested modifications that the parties believe are suited for this lawsuit.

**As indicated below by asterisks, some dates and events are "firm" and are not to be changed due to limited judicial resources and the Court's calendar.**

| PRETRIAL EVENTS | COURT'S PROPOSED DATES | PARTIES' PROPOSED DATES |
|---|---|---|
| **Rule 26(f) meeting*** | **October 13, 2010** | |
| Deadline to file Motion to Transfer Venue | October 13, 2010 | |
| **File case management plan*** | **October 20, 2010** | |
| Deadline to serve Disclosure of Asserted Claims and Infringement Contentions (P.R. 3-1 and 3-2) | October 20, 2010 | |
| **Rule 16(b) scheduling conf.*** | **November 3, 2010** | |
| Rule 26(a)(1) initial disclosures (except damages, unless the parties agree otherwise) | December 3, 2010 | |
| Deadline to serve Invalidity Contentions (P.R. 3-3 and P.R. 3-4) | December 3, 2010 | |
| Deadline to add additional parties | December 3, 2010 | |

| | | |
|---|---|---|
| Deadline to amend pleadings.  Parties must request leave pursuant to P.R. 3-6(b) if the amended pleadings will affect infringement or invalidity contentions.  A request for leave is also required if the amendment seeks to add a new patent.  Otherwise, leave is not required. | December 3, 2010 | |
| Deadline to respond to amended pleadings | December 17, 2010 | |
| Exchange proposed terms for construction (P.R. 4-1) | December 17, 2010 | |
| Exchange privilege logs | January 4, 2011 | |
| Exchange preliminary claim construction and extrinsic evidence (P.R. 4-2) | January 10, 2011 | |
| Deadline to file Joint Claim Construction and Prehearing Statement (P.R. 4-3) | February 3, 2011 | |
| Deadline to file agreed list of proposed technical advisors (limit three) | February 3, 2011 | |
| Discovery Deadline–Claim Construction | March 3, 2011 | |
| Deadline to file optional tutorial | March 3, 2011 | |
| Deadline to file opening Claim Construction brief (P.R. 4-5(a)) | March 18, 2011 | |
| Deadline to file response to Claim Construction brief (P.R. 4-5(b)) | April 1, 2011 | |
| Deadline to file Motion for Summary Judgment of Indefiniteness | April 1, 2011 | |
| Deadline to file reply to Claim Construction brief (P.R. 4-5(c)) | April 15, 2011 | |
| Deadline to file response to Motion for Summary Judgment of Indefiniteness | April 15, 2011 | |
| Deadline to file reply to Motion for Summary Judgment of Indefiniteness | April 22, 2011 | |
| Deadline to file Claim Construction chart (P.R. 4-5(d)) | April 22, 2011 | |

| | | |
|---|---|---|
| **Claim Construction Hearing (i.e. *Markman* hearing) (P.R. 4-6)*** | **June 9, 2011 at 10:00 a.m. in Tyler, Texas** | |
| Rule 26(a)(1) initial disclosures related to damages | July 8, 2011 | |
| Deadline for Plaintiff(s) to designate expert witnesses & reports | July 22, 2011 | |
| Deadline to disclose willfulness opinions (P.R. 3-7) | August 9, 2011 | |
| Deadline for defendant(s) to designate expert witnesses & reports | August 23, 2011 | |
| Deadline to notify the Court of a mediator | October 7, 2011 | |
| Discovery deadline | October 21, 2011 | |
| Deadline to complete **required** Mediation | October 28, 2011 | |
| **Deadline to file dispositive motions (including *Daubert* motions)*** | **November 4, 2011** | |
| Deadline to file Joint Pretrial Order, motions in limine & proposed jury instructions (or proposed findings of fact & conclusions of law) | January 6, 2012 | |
| **Pretrial Conference & trial scheduling*** | **February 6, 2012 at 9:00 a.m. in Tyler, Texas** | |

**Signature of Counsel and Date:**