**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| INTERNET MACHINES LLC | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 6:10-cv-00023-MHS |
| | § | Jury Trial Demanded |
| ALIENWARE CORPORATION; et al., | § | |
| | § | |
| Defendants. | § | |

**<u>PROTECTIVE ORDER</u>**

This Protective Order is issued to facilitate document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure. Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation.

In support of this order, the Court finds that:

1. Documents and information containing confidential proprietary and business information and/or trade secrets ("Confidential Information") that bear significantly on the parties' claims or defenses are likely to be disclosed or produced during the course of discovery in this litigation;

2. The parties to this litigation may assert that public dissemination and disclosure of Confidential Information could severely injure or damage the party disclosing or producing the Confidential Information and could place that party at a competitive disadvantage;

3. Counsel for the party or parties receiving Confidential Information are presently without sufficient information to accept the representation(s) made by the party or parties producing Confidential Information as to the confidential, proprietary, and/or trade secret nature of such Confidential Information; and

4. To protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in this case, the following Order should issue:

**IT IS THEREFORE ORDERED THAT:**

1) Documents, discovery responses, or transcripts containing Confidential Information disclosed or produced by any party in this litigation are referred to as

("Protected Documents"). Each producing party may designate documents as Protected Documents by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." Except as otherwise indicated below, all documents or discovery responses designated by the producing party as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" and which are disclosed or produced to the attorneys for the other parties to this litigation are Protected Documents and are entitled to confidential treatment as described below.

2) All copies, reproductions, extracts, digests, and complete or partial summaries prepared from any Protected Documents shall also be considered Protected Documents and treated as such under this Order.

3) Protected Documents shall not include (a) publicly available advertising materials, or (b) materials that on their face show that they have been published to the general public.

4) Documents that have been produced prior to the entry of this Order which have been designated "Confidential" shall be considered Protected Documents under this Order.

5) At any time after the delivery of Protected Documents, counsel for the party or parties receiving the Protected Documents may challenge the designation of all or any portion thereof by providing written notice thereof to counsel for the party disclosing or producing the Protected Documents. The parties shall then attempt to resolve such dispute in good faith on an informal basis. If the parties are unable to resolve their dispute informally then the party challenging the designation (the "Challenging Party") may request appropriate relief from the Court. In connection with any such request for relief, the Challenging Party must identify with particularity the specific document or information that the Challenging Party believes was improperly designated and state with particularity and detail the factual and legal grounds on which the Challenging Party disagrees with the designation. The restricted status of such information will remain unless and until the Court rules and determines that such information is not entitled to its designated status. It shall be the burden of the Challenging Party to make out a *prima facie* case that the contested Protected Document is not confidential and is not entitled to the level of confidentiality selected by the Designating Party. In response to such a *prima facie* case, the Designating Party bears the burden of proof to show by a preponderance of the evidence that there is good cause for the document to have the protection claimed by the Designating Party.

6) Confidential Treatment. Protected Documents and any information contained therein shall not be used or shown, disseminated, copied, or in any way

2

communicated to anyone for any purpose whatsoever, except as provided for below.

7) Protected Documents designated "CONFIDENTIAL," and any information contained therein shall be disclosed only to the following persons ("Qualified Persons"):

   A) Members and employees of outside counsel of record in this action whose duties and responsibilities require access to such materials.

   B) Up to five (5) employees, officers, directors, in-house counsel, or other designees of each party in this litigation, provided that each such person signs an undertaking in the form of Exhibit B attached to this Protective Order before receiving materials protected by this Protective Order. The Receiving Party proposing to disclose CONFIDENTIAL material under this subsection shall, at least five (5) business days before disclosing the CONFIDENTIAL material to such person, send a completed and signed copy of the undertaking attached hereto as Exhibit B to all other parties, along with a description of the person's job title and responsibilities. Unless objection is made in writing within five (5) business days after the notice is received, counsel may disclose CONFIDENTIAL materials to that person. If a timely-written objection is made to the disclosure of CONFIDENTIAL materials to the person, and the parties are unable to resolve the issue, then the Designating Party shall, within ten (10) business days of making the objection, move for a protective order from the Court, preventing such disclosure. The objected to employee(s), officer(s), director(s), in-house attorneys, or other designee(s) shall not receive any of the Designating Party's CONFIDENTIAL material until the Court decides the motion, or the objection is resolved by agreement of the parties, or the Designating Party fails to move for an order preventing the disclosure within the prescribed time period.

   C) Outside experts and consultants (collectively, referred to herein as "Expert" or "Experts") who are engaged or potentially engaged for the purposes of this action by a party and their support personnel, but only after compliance with Paragraph 8 below. For purposes of this Order, an Expert shall be defined as a person who is neither an employee (or contractor or any other work for hire relationship) of a party nor anticipated to become an employee (or contractor or any other work for hire relationship) in the near future for a purpose outside the scope of this action, and who is retained or employed as a bona fide expert, consultant or investigator for purposes of this litigation by or at the direction of counsel for a party;

   D) Deposition witnesses during the course of a deposition and as necessary to review and certify the transcript to the deposition, provided that: the witness is an employee of the producing party; the witness was an author or recipient of the document; or after compliance with Paragraph 8 below;

    E)    Court reporters and videographers taking testimony involving Protected Documents and their support personnel;

    F)    Outside copying and computer services necessary for document handling, and other litigation support personnel (e.g., graphic designers and animators), who are contractually bound not to disclose such documents and information by the parties retaining them;

    G)    Translation services necessary for translating documents in this case;

    H)    Any person to whom the producing party agrees to provide a copy; and

    I)    The Court, jury, and Court personnel.

8)    Before a party can disclose Protected Documents to any person under Paragraph 7(C), that Party must obtain from any such person an undertaking in the form of Exhibit A ("Expert Confidentiality Agreement") signed by that person (such original signed document to be kept by the attorney retaining such person).  A separate undertaking shall not be required for staff members working under the supervision of an individual signing an Expert Confidentiality Agreement.  An individual signing an Expert Confidentiality Agreement, however, shall accept full responsibility for taking measures to ensure that staff members working under his or her supervision comply with terms of this Protective Order.  Counsel for each such Party shall retain an original of each Expert Confidentiality Agreement in his/her file.

    A)    For persons described in Paragraph 7(D) to whom CONFIDENTIAL information is made available in a deposition and who are not employees of a producing party or the author or recipient of such information, Counsel for the interrogating Party shall obtain and maintain in his or her file an undertaking in the form of Exhibit B ("Confidentiality Agreement") signed by that person.

9)    To the extent a producing party believes that certain Protected Documents qualifying to be designated "CONFIDENTIAL" are so sensitive that their dissemination deserves even further limitation, the producing party may designate such Protected Documents "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY."  Protected Documents designated in this way shall be limited to members and employees of outside counsel of record for the party or parties to whom such Protected Documents were produced and whose duties and responsibilities require access to such materials, Experts identified in Paragraph 7(C) who are engaged by the party or parties to whom such Protected Documents were produced, and persons identified in Paragraphs 7(D), (E), (F), (G), (H), and (I). In addition to the provisions of this Paragraph, information, documents and things designated as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" will be subject to all of the restrictions as materials designated "CONFIDENTIAL" or deemed Protected Documents.

4

10) Any party producing source code or object code ("HIGHLY CONFIDENTIAL – SOURCE CODE" or "Restricted Code") may designate such code as "HIGHLY CONFIDENTIAL - SOURCE CODE" and produce the Restricted Code for inspection at the law offices of the Producing Party's counsel. Specifically, any Restricted Code produced by Defendants in this matter shall be made available for inspection consistent with the terms of this Protective Order at the offices of Baker & McKenzie LLP, 2001 Ross Avenue, Suite 2300, Dallas, Texas 75201. And any Restricted Code produced by Plaintiff in this matter shall be made available for inspection consistent with the terms of this Protective Order at the offices of Collins, Edmonds, & Pogorzelski, PLLC, 1616 S. Voss Road, Suite 125, Houston, Texas 77057. In addition to the requirements set forth elsewhere in this Order, any person authorized under the terms of this Order to receive Restricted Code that has been produced in this lawsuit must handle such Restricted Code in accordance with the following:

(a) Access to Restricted Code is strictly limited to those authorized to view material or information that has been designated HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY.

(b) No more than four Experts for each party, after signing the Confidentiality Agreement, may have access to Restricted Code, including, but not limited to, reviewing it and/or consulting with respect to it.

(c) The Producing Party will enable the Receiving Party to print paper copies of specific portions of source code designated as "HIGHLY CONFIDENTIAL - SOURCE CODE" at the time of inspection by the Receiving Party, which the Receiving Party may take when completing an inspection. Upon printing, the Producing Party shall promptly Bates label the printed portions of the code and provide a copy to the Receiving Party. The Producing Party shall also retain copies of any portions of source code printed. The entire code or an unnecessarily large portion of the code shall not be printed. Paper copies of source code designated as "HIGHLY CONFIDENTIAL - SOURCE CODE" shall include Bates number and confidentiality labels when printed. All paper copies of Restricted Code that are not being submitted to the Court, used in expert reports or used in a deposition may not be copied. Paper copy printouts must be kept in a secure location by the Receiving Party, be locked when not in use, and never under any circumstances leave the United States of America.

(d) Unless the Producing Party agrees otherwise, to the extent Restricted Code is placed on a computer, even in noncompilable form, the computer must be a stand-alone computer, which is not networked and which does not have access to the Internet, an intranet, an extranet, or the World Wide Web. For Restricted Code produced in electronic form or on removable media (such as on a CD-ROM), a person reviewing such code may take no action intended to copy, save, and/or store onto any memory device or drive the Restricted Code reviewed on such a computer where such action is for any purpose other than the immediate display and use of

the code being reviewed. Remnants of any storage of the code may not be retrieved. Rather, the code must be viewed only from the CD-ROM. If the Producing Party chooses to encrypt the Restricted Code, then it shall provide the decryption key to the Receiving Party, and the Receiving Party shall keep the Restricted Code encrypted when not in use.

(e) Unless otherwise permitted under the terms of this Protective Order, including paragraph 10(c), any Restricted Code that is produced in the lawsuit in any form cannot be copied unless the Producing Party agrees in writing.

11) All transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs, and other documents submitted to the Court which have been designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE," or which contain information so designated, shall be filed under seal in accordance with Local Rule CV-5(a)(7), or if electronic submission is impossible, in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of this matter, an indication of the nature of the contents of such sealed envelope or other container, the words "Confidential [or Highly Confidential Code] – Under Protective Order" and a statement substantially in the following form:

> This envelope contains confidential information filed in this case by (name of party) and is not to be opened nor the contents thereof to be displayed or revealed except by order of the Court presiding over this matter.

12) Defendants may disclose Protected Documents produced by Plaintiff to other defendants in this action or in any related action subject to the terms of this Protective Order.

13) The term "copy" as used herein means any photographic, mechanical or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing.

14) To the extent that Protected Documents or information contained therein are used in depositions, at hearings, or at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony referring to the Protected Documents or information contained therein.

15) Any court reporter, videographer, or transcriber who reports or transcribes testimony in this action shall agree that all Protected Documents appropriately designated under this Order shall remain confidential and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

16) The inadvertent failure to designate documents or information in accordance with this Protective Order or to withhold information, documents, or other things as subject to the attorney-client privilege, the attorney work product doctrine, or other applicable immunity, privilege, or exemption from discovery, will not be deemed to waive a later claim as to its confidential, privilege, protected, or immune nature. In the case of failure to designate documents or information under the Protective Order, such failure shall not preclude the producing party from making appropriate designations at a later date in writing and with particularity. The newly designated information must be treated by any receiving party in accordance with its new designation from the time the receiving party is notified in writing of the change.

If a producing party inadvertently discloses to a receiving party information that is subject to the attorney-client privilege, the attorney work product doctrine, or that is otherwise privileged or immune from discovery, the producing party shall promptly, upon learning of such disclosure, so advise the receiving party in writing. Should the receiving party reasonably believe that the producing party inadvertently produced privileged documents or information, the receiving party shall promptly notify the producing party in writing. The producing party shall respond within seven (7) calendar days confirming the privilege status of the documents or information in question. If the producing party notifies the receiving party that the documents or information identified by the receiving party are privileged, then the receiving party shall return all such identified documents and information within seven (7) calendar days of receipt of the written notice from the producing party that the documents or information in question are privileged. No party to this action shall thereafter assert that such disclosure waived any claim of attorney-client privilege, attorney work product, or other privilege or immunity. The party returning such inadvertently produced documents or information may seek production of any such documents or information in accordance with the Federal Rules of Civil Procedure (based on information independent of the content of the allegedly privileged materials in question), but in so doing may not assert that the inadvertent production by the producing party waived any claim of attorney-client privilege, attorney work product, or other privilege or immunity. Outside counsel of record shall not be required to delete information that may reside on their respective firms' electronic back-up systems that are over-written in the normal course of business.

17) The party or parties receiving Protected Documents shall not under any circumstances sell, offer for sale, advertise, or publicize Protected Documents or any information contained therein.

18) Prosecution Bar: Information designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" may not be used, directly or indirectly, in the prosecution of patents for entities other than the producing party from whom the information originates. Furthermore, no attorney who has had access to any such information may participate in the prosecution of a patent application that claims, either directly or indirectly, priority to any of the patents-in-suit, nor in the

7

prosecution of any new patent application for any party (or its affiliates) to this action related to PCI Express switching and bridging interconnects used in connection with computer products, for a period of two (2) years beginning upon the date of the final termination of this action as defined in paragraph 20 herein. Any expert who reviews material protected by the prosecution bar must be submitted for clearance in advance in accordance with the procedures in paragraph 8 of this Protective Order.

Experts identified in Paragraph 7(C) who have access to Code shall not use the Code in the prosecution of patents related to PCI Express switching and bridging interconnects used in connection with computer products for any entity other than the party producing the Code.

Protected Documents and any information contained therein shall be used solely for the prosecution or defense of this litigation. Notwithstanding Paragraphs 7(A) and 8, access by parties' counsel and Experts identified in Paragraph 7(A)-(C) to Protected Documents shall not preclude any such counsel or Experts from being able to participate fully in any proceeding before the PTO regarding any further examination of the patents-in-suit.

19)   After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation.

20)   Within sixty (60) calendar days of final termination of this action by dismissal, judgment, or settlement, including any appeals, counsel for the party or parties receiving Protected Documents shall take reasonable steps to return the Protected Documents to the counsel for the party or parties disclosing or producing the Protected Documents or certify that counsel and its client(s) have taken reasonable steps to destroy the Protected Documents. Counsel of record may retain a copy of any pleading, transcript (*e.g.* deposition, hearing, or trial), or exhibit thereto filed with the Court or served on opposing counsel- regardless of its confidentiality designation. The party or parties receiving the Protected Documents shall be entitled to keep their attorney work product which refers or relates to any Protected Documents. Attorney work product may be used in subsequent litigation provided that such use does not disclose Protected Documents or any information contained therein.

21)   This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

22) This Order shall apply to a non-party who produces confidential information in the case to the same extent as it does to parties. A party and non-party will both be referred to herein as party or parties.

23) This Order shall not prevent the parties from applying to the Court for relief herefrom, or from applying to the Court for further or additional relief by ways of protective orders or otherwise, or from agreeing between themselves, subject to approval of the Court, to modification of this Protective Order.

**SIGNED this 11th day of February, 2011.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE

# **EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| INTERNET MACHINES LLC | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 6:10-cv-00023-MHS |
| ALIENWARE CORPORATION; et al., | § § § | Jury Trial Demanded |
| Defendants. | § § | |

**CONFIDENTIALITY AGREEMENT FOR EXPERT**

UNDERTAKING OF _____.

I, _____, state that:

1. My address is _____
_____.

2. My present employer is _____
_____.

3. My present occupation or job description is _____
_____.

4. I have received a copy of the Protective Order in this action issued by the Court.

5. I have read and understand all the provisions of the Protective Order.

6. I will hold in confidence, will not use and will not disclose to anyone not qualified under the Protective Order any materials designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE," which are disclosed to me, except as otherwise permitted by the Court or by the agreement of the parties.

7. Having read and understood the Protective Order, I will comply with all its provisions, including those not explicitly set out in this signed undertaking.

8. I understand that I am to retain all documents or materials designated or containing "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" information in a secure manner, and that all such documents and materials are to remain in my personal custody until completion of my assigned duties to this matter, whereupon I agree to take reasonable steps to return or destroy and certify destruction of all "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE," materials which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained. I will do this immediately upon receiving a request from the counsel for the party for whom I was employed or retained or, in any event, by no later than thirty days after I have been notified that litigation between the parties has ended.

9. I hereby submit to the jurisdiction of the United States District Court for the Eastern District of Texas for the purpose of enforcement of this Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

DATE:_____                    _____
                                                               (signature)

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| INTERNET MACHINES LLC | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 6:10-cv-00023-MHS |
| ALIENWARE CORPORATION; et al., | § § § | Jury Trial Demanded |
| Defendants. | § § | |

**CONFIDENTIALITY AGREEMENT**

UNDERTAKING OF _____.

I, _____, state that:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. My relationship to this action and its parties is _____.

5. I have received a copy of the Protective Order in this action issued by the Court.

6. I have read and understand all the provisions of the Protective Order.

7. I will hold in confidence, will not use and will not disclose to anyone not qualified under the Protective Order any materials designated "CONFIDENTIAL,"

"HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE," which are disclosed to me, except as otherwise permitted by the Court or by the agreement of the parties.

8.	Having read and understood the Protective Order, I will comply with all its provisions, including those not explicitly set out in this signed undertaking.

9.	I understand that I am to retain all documents or materials designated or containing "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" information in a secure manner, and that all such documents and materials are to remain in my personal custody until completion of my assigned duties to this matter, whereupon I agree to return or destroy and certify destruction of all "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE," materials which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.  I will do this immediately upon receiving a request from the counsel for the party for whom I was employed or retained or, in any event, by no later than thirty days after I have been notified that litigation between the parties has ended.

10.	I hereby submit to the jurisdiction of the United States District Court for the Eastern District of Texas for the purpose of enforcement of this Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

DATE:_____	_____
	(signature)

DALDMS/680845.1