IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **INTERNET MACHINES, LLC** | § | |
| | § | |
| v. | § | Case No. 6:10-cv-23 |
| | § | |
| **ALIENWARE CORPORATION, ET AL.** | § | |

# ORDER

On February 6, 2012, the Court held a pretrial conference in the above styled case and issued rulings on several pending matters. The Court issues this order to resolve various summary judgment motions, *Daubert* motions, motions in limine, objections to evidence, objections to deposition designations, and other pretrial matters.

## I. Summary Judgment Motions

Pursuant to the Court's oral rulings and for the reasons stated at the hearing, the Court

**DENIES** Defendants' Motion for Summary Judgment of Noninfringement (Doc. No. 334); and

**DENIES** Defendants' Motion for Summary Judgment of Invalidity (Doc. No. 336).

## II. *Daubert* Motions

Pursuant to the Court's oral rulings and for the reasons stated at the hearing, the Court

**DENIES** Plaintiff's *Daubert* Motion to Exclude the Conclusory Obviousness Opinions of Defendants' Expert Dr. Kaliski (Doc. No. 341);

**DENIES** Plaintiff's *Daubert* Motion to Exclude the Unsupported Noninfringement Opinions of Defendants' Expert Dr. Kaliski (Doc. No. 342);

**DENIES** Defendants' Motion to Strike Expert Report of Walter Bratic (Doc. No. 332);

**DENIES** Defendants' Motion to Strike Sur-Rebuttal Expert Report of Walter Bratic (Doc. No. 333). But the Court will allow Defendants' five (5) days to redepose Mr. Bratic; and

**GRANTS** in part and **DENIES** in part Defendants' Motion to Strike Portions of Charles Narad's Expert Report on Noninfringement and Invalidity (Doc. No. 335). As to the issue of induced infringement, Mr. Narad cannot testify as to intent or as to the ultimate issue of induced infringement, but he can testify as to the remaining elements. Furthermore, Mr. Narad may not use PLX's marketing material to demonstrate commercial success when discussing secondary indicia to support his non-obviousness opinion. The Court denies all other remaining grounds for the motion.

### III. Motions in Limine[1]

Pursuant to the Court's oral rulings and for the reasons stated at the hearing, the Court makes the following rulings on the parties' motions in limine (Doc. Nos. 403, 405):

1. *Defendants' Motions in Limine*

   A. Defendants' motion that the parties should be precluded from offering testimony, evidence, or argument during voir dire or trial that characterizes the evidentiary burdens of proof in any manner different than the definitions provided by the Court during preliminary jury instructions.

   The Court **GRANTS** this motion as agreed.

   B. Defendants' motion that the parties should be precluded from offering testimony, evidence, or argument regarding the issuance of an injunction or attorneys' fees.

   The Court **GRANTS** this motion as agreed.

   C. Defendants' motion that the parties should be precluded from mentioning or referring to discovery disputes between the parties or motions to compel, including the subject

---

[1] All rulings on motions in limine are preliminary and are not final evidentiary rulings.

matter of any such disputes or motions, that are or were at any point pending before the Court in this matter or any other.

The Court **GRANTS** this motion. The parties may not introduce evidence of prior discovery disputes. But the subject matter of those disputes may be admissible.

D. Defendants' motion that the parties should be precluded from mentioning or referring to any pretrial rulings by the Court, with the exception of the Court's claim construction opinion or any other ruling the jury would need to know in order to answer any question presented, e.g., a ruling on the date of the claimed invention.

The Court **GRANTS** this motion.

E. Defendants' motion that Plaintiff should be precluded from offering evidence, testimony, or argument regarding any Defendant's total revenues, size, or financial worth.

The Court **GRANTS** this motion and makes it applicable to both parties.

F. Defendants' motion that Plaintiff should be precluded from offering evidence, testimony, or argument of other proceedings and litigation brought by Plaintiff or involving any Defendant.

The Court **GRANTS** this motion and makes it applicable to both parties.

G. Defendants' motion that Plaintiff should be precluded from offering evidence, testimony, or argument of willful infringement by any Defendant.

The Court **DENIES** this motion.

H. Defendants' motion that Plaintiff should be precluded from offering evidence, testimony, or argument of any agreement entered into between Internet Machines Corporation and Integrated Device Technology, Inc.

The Court **DENIES** this motion.

I. Defendants' motion that Plaintiff should be precluded from offering evidence, testimony, or argument regarding any of the following agreements: (1) PLX/Snowbush; (2) PLX/ARM; (3) PLX/Rambus Agreement; (4) Mobility Electronic, Inc/Cybex Computer Products Corp; (5) Cybex Computer Products Corp./Mobility Electronics, Inc.; and (6) Mobility Electronics, Inc./2C Computing, Inc.

The Court **GRANTS** the motion as to the PLX/Snowbush, PLX/ARM, and PLX/Rambus agreements and **DENIES** the motion as to the Mobility Electronic, Inc./Cybex Computer Products Corp., Cybex Computer Products Corp./Mobility Electronics, Inc., and Mobility Electronics, Inc./2C Computing, Inc. agreements.

   J. Defendants' motion that Plaintiff should be precluded from mentioning or referring to any indemnification agreement entered into by any Defendant in relation to this or any other matter brought by Plaintiff.

The Court **GRANTS** this motion.

2. *Plaintiff's Motions in Limine*

   A. Plaintiff's motion to preclude testimony about the alleged lack of or minimal use or configuration of nontransparent ports by customers or others downstream of PLX.

The Court **DENIES** this motion.

   B. Plaintiff's motion to preclude criticisms of the USPTO or its employees or suggestions they did not comply with their duties.

The Court **GRANTS** this motion. But this does not preclude Defendants from addressing the prosecution history of the patents.

   C. Plaintiff's motion to preclude references to the amount(s) paid or bartered for the patents-in-suit or any related patents.

The Court **GRANTS** this motion.

   D. Plaintiff's motion to preclude references to inequitable conduct, including deceptive intent, fraud on the USPTO, statements about claim scope, misleading the USPTO, misrepresentations to the USPTO, or withholding information from the USPTO.

The Court **GRANTS** this motion.

   E. Plaintiff's motion to preclude expert testimony from a witness who did not provide an expert report, or from an expert beyond that which was disclosed in an expert report.

The Court **GRANTS** this motion as agreed.

  F. Plaintiff's motion to preclude references to Plaintiff, its affiliates, or its managers Frank Knuettel or Steve Sereboff as a "patent troll," "shell entity," "non-practicing entity," or in any other disparaging manner.

The Court **GRANTS** this motion as agreed. Although Defendants are not to refer to Plaintiff in any disparaging manner, Defendants are permitted to discuss the nature of Plaintiff's business.

  G. Plaintiff's motion to preclude Dr. Martin Kaliski from arguing or testifying about "configuration" or "enablement" of non-transparent ports.

The Court **DENIES** this motion.

  H. Plaintiff's motion to preclude reference to alleged prior art unless and until it has been ruled as being admissible into evidence.

The Court **DENIES** this motion.

  I. Plaintiff's motion to preclude reference to allegations of prior expert opinions of Plaintiff's damages expert Mr. Walter Bratic having been excluded in unrelated cases.

The Court **GRANTS** this motion.

  J. Plaintiff's motion to preclude reference to litigation settlements and other license agreements which are not being relied upon by an expert to show an established royalty.

The Court **GRANTS** this motion.

## IV. <u>Evidentiary Objections and Objections to Deposition Designations</u>

The parties shall meet and confer to narrow the remaining evidentiary objections. The parties are **ORDERED** to file by *Thursday, February 9, 2012, at 2:00 p.m.* briefs informing the Court of any remaining evidentiary objections or objections to deposition designations. To the extent that it is possible, the parties are instructed to organize the objections into discrete categories. Any responses to the objections shall be filed no later than *Friday, February 10, 2012, at 12:00 p.m.*

## V. Other Motions

Pursuant to the Court's above rulings, Plaintiff's Unopposed Motion for Leave to File Supplemental Summary Judgment Response on the Issue of Infringement (Doc. No. 421) is **DENIED** as moot.

## VI. Other Pretrial Matters

Having reviewed the parties' proposals, the Court **ORDERS** that each side shall have 30 minutes for voir dire, 20 minutes for opening statements, and 30 minutes for final argument. **Upon further review of the parties' documents and time estimates, the Court revises the time limitations to give each side _12 hours_ for direct and cross examination**. Time will be deducted from a party's 12-hour allotment for all issues addressed outside the jury's presence. This case will proceed to jury selection on Tuesday, February 21, 2012, at 1:30 p.m., followed immediately by trial.

It is SO ORDERED.

SIGNED this 7th day of February, 2012.

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE